# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DOLGENCORP, LLC AND DG LOGISTICS, LLC, | ) ) ) |
| PLAINTIFFS, | ) ) |
| V. | ) ) |
| WERNER ENTERPRISES, INC. | ) ) |
| DEFENDANT. | ) ) ) ) |

CASE NO.: 1:19-CV-01019

JURY TRIAL DEMANDED

## COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT

COME NOW the Plaintiffs, Dolgencorp, LLC and DG Logistics, LLC (collectively "DG") requesting a declaratory judgment against Defendant Werner Enterprises, Inc., on the following grounds:

## Parties

1. Plaintiff Dolgencorp, LLC is a Kentucky limited liability company with its principal place of business in Goodlettsville, Tennessee. Plaintiff DG Logistics, LLC is a limited liability company with its principal place of business in Goodlettsville, Tennessee. (Hereafter, the Plaintiffs will sometimes be referred to collectively as "Dollar General," or "DG").

2. Defendant Werner Enterprises, Inc. is a Nebraska corporation with its principal place of business in Omaha, Nebraska.

## Jurisdiction

3. This is a declaratory judgment action under 28 U.S.C. §2201-2202 and Rule 57 of the *Federal Rules of Civil Procedure.*

4. A justiciable controversy exists between DG and Werner within the meaning of 28 U.S.C. §2201 regarding the obligations owed by Werner to DG under a Transportation and Delivery Agreement.

5. This Court has jurisdiction under 28 U.S.C. §1332(a) because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and the dispute is between citizens of different states.

6. Venue is proper in this district under 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to this action occurred in this district.

## General Allegations

7. Jeffrey Arnold James ("James") suffered personal injuries when he was involved in a motor vehicle accident on September 20, 2013 with a Werner truck in Washington County, Alabama.

8. James filed a civil lawsuit on September 10, 2014, styled Jeffrey Arnold James v. Werner Enterprises, et al. CV-2014-900074.00 in the Circuit Court of Washington County. A true and correct copy of the original Complaint is attached as **Exhibit A**

and incorporated herein. The complaint alleged that the crash was the fault of defendants Werner Enterprises and DG. James has demanded, through his attorneys, a sum substantially greater than $75,000 from Werner and DG to settle his personal injury claims.

9. Werner Enterprises entered into a Transportation and Delivery Agreement with Dollar General effective August 8, 2016. A true and correct copy of the Transportation and Delivery Agreement ("Agreement") is attached hereto as **Exhibit B** and incorporated herein.

10. The Transportation and Delivery Agreement provides in paragraph 1:

"**Term.** The term of this Agreement shall be from the Effective Date and shall continue for twenty-four (24) consecutive months, unless sooner terminated as provided herein."

11. Neither Party to the Agreement terminated the Agreement and the Agreement remained in place and in effect on the date of September 20, 2013.

12. The Agreement states in paragraph 16:

"**Carrier's Indemnification.** [T]he term "indemnitees" includes the Shipper, Dollar General Corporation, Dolgencorp, LLC…and each [of] their respective directors, officers, and employees…the Indemnitees agents, employees, or contractors. Carrier hereby releases the Indemnitees and agrees to indemnify the Indemnitees and hold the Indemnitees harmless from any and all claims, costs, and judgments for bodily injury, personal injury, and property damage…arising out of or resulting from Carrier's use or operation of the equipment furnished by Carrier, or Carrier's employees in the performance of, or causally linked to, Carrier's services to Shipper pursuant to the Agreement. This indemnification by Carrier includes any reasonable expenses and attorney's fees which the Indemnitees may incur in defending any such claims. Carrier's indemnification of Indemnitees is one of the first defense and payment, not of reimbursement or surety…In cases of mixed

liability between the Carrier and the Indemnitees, Carrier's indemnification of the Indemnitees shall be limited to Carrier's degree of contribution to causation."

13. The Agreement further states in paragraph 17:

"**Carrier's Insurance.** In addition to Carrier's Cargo Insurance requirement under Section 6 of this Agreement, Carrier, at its own expense, shall also carry policies of commercial general liability, automobile liability, contractual liability, and property damage insurance insuring all tractors and equipment operated by it…The amount of Carrier's primary coverage shall not be less than $1,000,000 per occurrence. Carrier shall in addition, keep in force an umbrella policy of not less than $10,000,000 per occurrence. Carrier shall provide thirty (30) days' prior written notice to Shipper. Carrier agrees to designate the Indemnities, as additional insureds on its general liability and automobile liability insurance policies of any expiration, termination, or material amendment to any such policies. "

14. Paragraph 33 of the Agreement says:

"**Attorney's Fees.** If either party commences an action against the other arising out of or in connection with this Agreement, the prevailing party shall be entitled to have and recover from the losing party reasonable attorneys' fees and costs of suit including fees and costs of appeal."

15. The Agreement in paragraph 36 provides:

"**Governing Law.** Final execution and delivery of this Agreement is in the State of Tennessee and shall be construed in accordance with the laws of the State of Tennessee."

16. Plaintiff pleads the laws of the State of Tennessee as the law governing this case.

17. Following <u>James'</u> suit filing naming Dollar General and Werner, Plaintiffs' attorneys made demand on Werner's attorneys to defend and indemnify Dollar General and its employee, Sabrina Williams, in the <u>James</u> suit. Beginning in May 2015, Plaintiff renewed its request to Werner to defend and to indemnify Dollar

General for any and all expenses and damages related to this case. (Letter of May 29, 2015 attached hereto as **Exhibit C**).

18.     The attorneys for Dollar General and Werner communicated by phone on a number of occasions from 2015 to 2018 discussing the facts and claims made in the James lawsuit. Dollar General repeatedly renewed its demand for defense and indemnity through these communications between the attorneys.

19.     On November 2, 2018 an attorney for Dollar General wrote the attorneys for Werner renewing its demand for Werner to defend and indemnify Dollar General in the James lawsuit. Dollar General's attorney further noted the Agreement required Werner to carry policies of insurance, including automobile liability, and for Werner to name Dollar General as an additional insured on that automobile liability policy. Dollar General's attorney requested information from Werner's attorneys confirming Werner's compliance with paragraph 17 of the Agreement so that the defense costs and indemnification costs would be borne by Werner's automobile liability insurance carrier, rather than Dollar General. (A true and correct copy of this letter is attached hereto as **Exhibit D**).

20.     Subsequent to the November 2, 2018 correspondence, Dollar General learned that Werner had named Dollar General as an additional insured on Werner's automobile liability insurance policy as required under the Agreement. However, Werner represented there was no automobile insurance policy to provide coverage

and a defense to DG for the <u>James</u> lawsuit. On information and belief Werner chose to self-insure its automobile liability exposures up to the limit of Werner's self-insured retention, rather than provide Dollar General with a first dollar primary policy providing coverage up to $1,000,000 for the <u>James</u> claim.

21. Dollar General has given Werner ample opportunity to comply with Werner's obligations under the Agreement. Werner has failed and refused to comply with its obligations under the Agreement to (1) defend and indemnify Dollar General for Dollar General's defense costs and indemnification obligations in the <u>James</u> lawsuit; (2) to provide Dollar General with a defense and indemnity as an additional insured on Werner's automobile liability insurance policy so that Dollar General would have had the benefit of Werner's automobile liability policy to defend the <u>James</u> lawsuit; (3) to provide Dollar General with payment of Dollar General's attorneys' fees and other defense costs and expenses; and, (4) provide Dollar General with a source of payment through the automobile liability insurer for any judgment or settlement reached in the <u>James</u> lawsuit.

22. Wherefore, premises considered Werner has breached the Transportation and Delivery Agreement.

## **PRAYER FOR RELIEF**

Wherefore, premises considered, Dollar General petitions the Court to enter a declaratory judgment in Dollar General's favor and against Werner for the following:

1. That Werner has breached the Agreement by failing and refusing to defend and indemnify Dollar General in the James lawsuit.

2. That Werner has breached the Agreement by failing to name Dollar General as an additional insured on Werner's automobile liability insurance to provide first dollar primary policy coverage up to $1,000,000 for the claims in the James lawsuit;

3. To enter an order requiring Werner to defend and indemnify Dollar General in the James lawsuit;

4. To enter and order requiring Werner to reimburse Dollar General for any attorneys' fees and expenses incurred in defending the James lawsuit and pursuing the claims against Werner in this case;

5. To enter an order requiring Werner to be responsible for paying and satisfying any judgment or settlement reached in the James lawsuit; and,

6. To enter an order for such other, further, and different relief as may be just in this action.

**Plaintiff's request trial struck by jury in this case.**

                                      */s/ Richard E. Smith*
                                      Rick D. Norris (asb-0494-r81r)
                                      Richard E. Smith (asb-6536-m69r)
                                      Attorneys for Dolgencorp, LLC

**OF COUNSEL:**
Christian & Small LLP
505 20th Street North

Suite 1800
Birmingham, AL 35203
(205) 795-6588 (phone)
RES@csattorneys.com
RDN@csattorneys.com

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the Alafile system and that the foregoing has been served upon all counsel of record via U.S. Mail or electronic mail and in accordance with the rules governing electronic filing and service of documents and pleadings on this the 22nd day of November, 2019.

Werner Enterprises, Inc.
c/o National Registered Agents, Inc.
2 North Jackson Street, Suite 605
Montgomery, AL 36104

                                                   */s/ Richard E. Smith*
                                                   OF COUNSEL